UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

       v.                              CASE NO. 8:09-CR-572-T-30TGW

MARK ANTHONY MYRIE,
a/k/a Buju Banton,
IAN THOMAS, and
JAMES JACKSON MACK,
a/k/a Spencer Clarke.

## **MOTION IN LIMINE**

The United States of America, by A. Brian Albritton, United States Attorney for the Middle District of Florida, moves to limit questions and comments directed to a witness's income tax issues and further states:

Based upon inquiries made by the defense, as well as comments made during a hearing on a defense motion to compel, the government has reason to believe that the defense in this case may seek to present information to the jury, through cross-examination of government witnesses or otherwise, regarding a confidential source's (CS) tax matters. As such information is irrelevant and outside the parameters of impeachment, the defense should be limited in presenting it in any form.

In its disclosures to the defense in this case, the United States advised that the CS is the subject of a civil tax matter involving a tax lien and debt currently being negotiated between the CS and the Internal Revenue Service. The defense has been further advised that the CS has received no assistance from law enforcement pertaining to any tax liability. The defense should not be permitted to question the CS concerning this issue nor argue it at any time before the jury.

## Memorandum of Law

A defendant's right to confront and cross examine witnesses is not without limitation. United States v. Frost, 61 F.3d 1518, 1525 (11th Cir. 1995). "A defendant's confrontation rights are satisfied when the cross examination permitted exposes the jury to facts sufficient to evaluate the credibility of the witnesses and enables defense counsel to establish a record from which he can property argue why the witness is less than reliable." United States v. Baptista-Rodriguez, 17 F.3d 1354, 1371 (11th Cir. 1994).

The existence of a civil tax arrearage, currently being negotiated by the CS, without any intervention by law enforcement, is simply not relevant to his motivation to testify in this case and limiting cross-examination in that regard would not violate any defendant's confrontation rights. The information further does not go to the witness's character for truthfulness. Rule 608, Fed. R. Evid. Comment or questioning concerning a civil tax matter constitutes "excursions into collateral matters" and are irrelevant. United States v. Calle, 822 F.2d 1016, 1020 (11th Cir. 1987). See United States v. Bertram, 805 F.2d 1524, 1530-31 (11th Cir. 1986)(no abuse of discretion in court's refusal to allow defendants to show that a co-defendant witnesses failure to pay taxes could infer a motive to testify falsely to shield from tax prosecution).

As a result, the issue of the CS's tax liability is not a matter for jury consideration and the defense should be restricted from raising the issue at trial.

Respectfully submitted,

A. BRIAN ALBRITTON
United States Attorney

By: *s/James C. Preston, Jr.*
JAMES C. PRESTON, JR.
Assistant United States Attorney
Florida Bar No. 0383155
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6326
Facsimile: (813) 274-6125
Email: james.preston@usdoj.gov

U.S. v. MARK ANTHONY MYRIE, et al.        CASE NO. 8:09-CR-572-T-30TGW

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

David Oscar Markus, Esq.
**Attorney for Defendant Mark Myrie**

Wayne C. Golding, Sr., Esq.
**Attorney for Defendant Ian Thomas**

Michael O. Donaldson, Esq.
**Attorney for Defendant James J. Mack**

By:  *s/James C. Preston, Jr.*
JAMES C. PRESTON, JR.
Assistant United States Attorney
Florida Bar No. 0383155
400 North Tampa Street, Suite 3200
Tampa, Florida  33602
Telephone:   (813) 274-6326
Facsimile:    (813) 274-6125
Email: james.preston@usdoj.gov