UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CASE NUMBER 8:09-CR-572-T-30-TGW

UNITED STATES OF AMERICA,
                    *Plaintiff,*
vs.

MARK ANTHONY MYRIE,
 (BUJU BANTON),

                    *Defendant.*
_____/

**MYRIE'S PROPOSED JURY INSTRUCTIONS**

        Mark Anthony Myrie, through undersigned counsel files these Proposed Jury

Instructions.

                            Respectfully Submitted,

                            MARKUS & MARKUS, PLLC
                            Courthouse Center
                            40 N.W. 3rd Street
                            Penthouse One
                            Miami, Florida 33128
                            Telephone (305) 379-6667
                            Facsimile (305) 379-6668
                            www.markuslaw.com

                            By:    /s/ David Oscar Markus
                                   DAVID OSCAR MARKUS
                                   Florida Bar Number 119318
                                   DMarkus@MarkusLaw.com

**COURT'S INSTRUCTIONS
TO THE JURY**

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case.  When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the indictment.

**Proposed Instruction Number One[1]**

**Duty to Follow Instructions**
**Presumption of Innocence**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt.  The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or to produce any evidence at all.  The Government must prove guilty beyond a reasonable doubt. If it fails to do so, you must find that Defendant not guilty.

---

[1] Eleventh Circuit Pattern Instruction, Basic 2.1.

**Proposed Instruction Number Two[2]**

**Definition of Reasonable Doubt**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt.  The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

---

[2] Eleventh Circuit Pattern Instruction, Basic 3.

**Proposed Instruction Number Three[3]**

**Consideration of the Evidence**
**Direct and Circumstantial**
**Argument of Counsel**
**Comments by the Court**

As I said earlier, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of the witness and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I've said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at you own decision concerning the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may us reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, a fact.  There is not legal difference in the weight you may give to either direct or circumstantial evidence.

---

[3] Eleventh Circuit Pattern Instruction, Basic 4.

**Proposed Instruction Number Four** [4]

**Credibility of Witnesses**

Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning any particular point doesn't matter.

To decide whether you believe any witness, I suggest that you ask yourself a few questions:

•   Did the witness impress you as one who was telling the truth?

•   Did the witness have any particular reason not to tell the truth?

•   Did the witness have a personal interest in the outcome of the case?

•   Did the witness seem to have a good memory?

•   Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

•   Did the witness appear to understand the questions clearly and answer them directly?

•   Did the witness's  testimony differ from other testimony or other evidence?

---

[4] Eleventh Circuit Pattern Instruction, Basic 5

**Proposed Instruction Number Five[5]**

**Impeachment of Witnesses Because of
Inconsistent Statements or Felony Conviction**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean  a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

---

[5] Eleventh Circuit Pattern Instruction, Basic 6.2.

**Proposed Instruction Number Six[6]**

**Testimony of Accomplice or CoDefendant with Plea Agreement**

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a Codefendant in exchange for [his] [her] testimony.   Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face.  Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

---

[6]  Eleventh Circuit Pattern Instruction, Special 1.2

**Proposed Instruction Seven[7]**

**Testimony of Accomplice, Informer, or Witness with Immunity**

You must consider some witnesses' testimony with more caution than others.

For example, paid informants, witnesses who have been promised immunity from prosecution, or witnesses who hope to gain more favorable treatment in their own cases, may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

---

[7] Eleventh Circuit Pattern Instruction, Special 1.1

## Proposed Instruction Number Eight[8]

### Character Evidence

Evidence of a defendant's character traits may create a reasonable doubt.

You should consider testimony that a defendant is an honest and law-abiding citizen along with all the other evidence to decide whether the Government has proved beyond a reasonable doubt that the Defendant committed the offense.

---

[8] Eleventh Circuit Pattern Instruction, Special 12.

**Proposed instruction Number Nine[9]**

**Entrapment**

"Entrapment" occurs when law-enforcement officers or others under their direction persuade a defendant to commit a crime that the defendant had no previous intent to commit.

The Defendant has claimed to be a victim of entrapment regarding the charged offense.

The law forbids convicting an entrapped defendant.

But there is no entrapment when a defendant is willing to break the law and the Government merely provides what appears to be a favorable opportunity for the defendant to commit a crime.

For example, it's not entrapment for a Government agent to pretend to be someone else and offer – directly or through another person – to engage in an unlawful transaction.

So a defendant isn't a victim of entrapment if you find beyond a reasonable doubt that the government only offered the defendant an opportunity to commit a crime the defendant was already willing to commit.

But if there is a reasonable doubt about whether the Defendant was willing to commit the crime without the persuasion of a Government officer or a person under the Government's direction, then you must find the Defendant not guilty.

---

[9] Eleventh Circuit Pattern Instruction, Special 13.1.

11

**Proposed Instruction Number Ten[10]**

**On Or About - Knowingly - Willfully - Intentional Violation of a Known Legal Duty**

You'll see that the indictment charges that a crime was committed "on or about" a certain date.  The Government doesn't  have to prove  that the crime occurred on an exact date.  The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was done voluntarily and purposely with the specific intent to violate a known legal duty, that is, with the  intent to do something the law forbids.  Disagreement with the law or a belief that the law is wrong does not excuse willful conduct.

---

[10] Eleventh Circuit Pattern Instruction, Basic 9.1B

**Proposed Instruction Eleven[11]**

**Introduction To Offense Instructions
(In Conspiracy Cases)**

The indictment charges 2 separate crimes, called "counts," against Mark Myrie. Each count has a number.  You'll be given a copy of the indictment to refer to during your deliberations.

Count 1  charges that Mr. Myire knowingly and willfully conspired  to posses with the intent to distribute 5 kilograms or more of cocaine.

Count 2 charges Mr. Myrie with aiding and abetting the intentional possession and carrying of a firearm in furtherance of and during the course of a drug trafficking crime as alleged in Count 1.

I will also give you specific instructions on conspiracy.

---

[11] Eleventh Circuit Pattern Instruction, Basic 8

13

**Proposed Instruction Twelve[12]**

**Controlled Substances: Conspiracy**

It's a separate Federal crime for anyone to conspire to knowingly possess with intent to distribute or import cocaine.

Title 21 United States Code Section 841(a)(1) makes it a crime for anyone to knowingly possess cocaine with intent to distribute it.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act.  In other words, it is a kind of partnership for criminal purposes.  Every  member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all of the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.  The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty only if all the following facts are proved beyond a reasonable doubt:

| | |
|---|---|
| (1) | two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess or import cocaine; |
| (2) | the Defendant, knew the unlawful purpose of the plan and willfully joined in it; and |
| (3) | the object of the unlawful plan was to possess with the intent to distribute at least 5 kilos of cocaine. |

---

[12] Eleventh Circuit Pattern Instruction, Offense 100

14

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy.  Also a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

The Defendant is charged with possessing and intending to distribute at least 5 kilograms of cocaine.  But you may find the Defendant guilty of the crime even if the amount of the controlled substance for which he should be held responsible is less than 5 kilograms.  So if you find the Defendant guilty, you must also unanimously agree on the weight of cocaine the Defendant possessed and specify the amount on the verdict form.

## Proposed Instruction Number Thirteen[13]

## Carrying/Possessing a Firearm During or in Furtherance of a Drug Trafficking Crime

It's a separate Federal crime for anyone to carry a firearm during and in relation to and possess a firearm in furtherance of a drug-trafficking crime.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)     the Defendant committed the drug-trafficking crime charged in Count 1 of the indictment;

(2)     the Defendant knowingly carried and possessed a firearm; and

(3)     the Defendant carried the firearm "in relation to" and possessed the firearm "in furtherance of" the drug-trafficking crime.

A "firearm" is any weapon designed to or readily convertible to expel a projectile by the action of an explosive.  The term includes the frame or receiver of any such weapon or any firearm muffler or silencer.

To "carry" or "possess" a firearm is to have a firearm on one's person *or* to transport or control a firearm in a way that makes it available for immediate use while committing the drug-trafficking crime.

To carry a firearm "in relation to" a crime means that there must be a firm connection between the Defendant, the firearm, and the drug-trafficking crime.  The firearm must have helped with some important function or purpose of the crime, and not simply have been there accidentally or coincidentally.

---

[13] Eleventh Circuit Pattern Instruction, Offense 35.2

16

Possessing a firearm "in furtherance of" a crime means that the firearm helped, promoted, or advanced the crime in some way.

The indictment charges that the Defendant knowingly carried a firearm during and in relation to a drug-trafficking crime and possessed a firearm in furtherance of a drug-trafficking crime.  In other words, the Defendant is charged with violating the law in Count 2 in two separate ways.  The Government has to prove only one of those ways, not both.  But to find the Defendant guilty you must all agree on which of the two ways the Defendant violated the law.

In this case the Defendant is charged with aiding or abetting this offense.  I will explain that now.

**Proposed Instruction Number Fourteen**

**Theory of Defense**

**[To Be Submitted]**

**Proposed Instruction Fifteen[14]**

**Caution - - Punishment
Single Defendant - - Multiple Counts**

Each count of the indictment charges a separate crime.  You must consider each crime and the evidence relating to it separately.  If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment.  You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty.  If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

---

[14] Eleventh Circuit Pattern Instruction 10.2.

**Proposed Instruction Number Sixteen**[15]

**Verdict**

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room.  When you've all agreed on the verdict, your foreperson must fill in the form, sign it,  date it, and carry it.  Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal.  The marshal will bring it to me and I'll respond as promptly as possible –  either in writing or by talking to you in the courtroom.  But I caution you not to tell me how many jurors have voted one way or the other at that time.

---

[15]Eleventh Circuit Pattern Instruction, Basic 12

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CASE NUMBER 8:09-CR-572-T-30-TGW


UNITED STATES OF AMERICA,

                    *Plaintiff,*

vs.

MARK ANTHONY MYRIE,
        (BUJU BANTON),

                    *Defendant.*
_____/



**VERDICT FORM**

We the jury unanimously find as to:

**Count 1:**

NOT GUILTY  _____          GUILTY  _____

**Count 2:**

NOT GUILTY  _____          GUILTY  _____