UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CASE NUMBER 8:09-CR-572-T-30-TGW

UNITED STATES OF AMERICA,
    *Plaintiff,*
vs.

MARK ANTHONY MYRIE,
 (BUJU BANTON),

    *Defendant.*
_____/

## MYRIE'S PROPOSED JURY INSTRUCTIONS

 Mark Myrie, through counsel, respectfully requests the following instructions, in addition to those filed on September 20 and September 17, 2010 (DE 134, DE 137).

            Respectfully Submitted,

            MARKUS & MARKUS, PLLC
            Courthouse Center
            40 N.W. 3rd Street
            Penthouse One
            Miami, Florida 33128
            Telephone (305) 379-6667
            Facsimile (305) 379-6668
            www.markuslaw.com

            By:/s/ David Oscar Markus
            DAVID OSCAR MARKUS
            Florida Bar Number 119318
            DMarkus@MarkusLaw.com

PROPOSED INSTRUCTION

To convict the defendant on Count 2, you must find: (1) that the defendant knew that a gun would be possessed to further a drug trafficking crime or carried during the course of a drug trafficking crime, and (2) that the defendant himself took some action to facilitate the possession or carrying of the firearm. Knowledge that a gun would be possessed or carried is not by itself enough to support a conviction on Count 2. There must be some proof linking the defendant to the gun because the law does not allow a conviction for guilt by association on this charge.

[Language is taken nearly verbatim from *Bazemore v. United States*, 138 F.3d 947, 949 (11th Cir. 1998), the leading case in this Circuit.]

SUPPORT

Aiding and abetting possession of a firearm requires two elements: (1) knowledge that the gun was in the principal's possession and (2) facilitation of the principal's possession. Knowledge alone is not enough:

"In addition to knowledge, in order to sustain a conviction under an aiding and abetting theory, there must be some proof 'linking' the defendant to the gun, because section 924(c) does not permit 'guilt by association.'" *Bazemore v. United States*, 138 F.3d 947, 949 (11th Cir. 1998) (quoting *United States v. Thomas*, 987 F.2d 697, 702 (11th Cir. 1993)).

In *Bazemore,* the Eleventh Circuit sustained the defendant's conviction only because there was proof that he "facilitate[d] the carrying of the firearm" and not merely that he "assist[ed] in the underlying crime." *Id.* at 950. *Accord Rutledge v. United States*, 138 F.3d 1358, 1359 (11th Cir. 1998) (to sustain a conviction under a theory of aiding and abetting the government must show "that the defendant associated himself with a crime of violence or drug trafficking, that he knew that a firearm was being used or carried by a co-conspirator, and that he committed some act related to the gun").