UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No.  8:09-cr-572-T-30TGW

MARK ANTHONY MYRIE
_____

## ORDER

This cause came on for consideration without oral argument upon Defendant Mark Myrie's Motion to Dismiss the Superseding Indictment for Vindictiveness (Dkt. 220) and the Government's Response (Dkt. 227).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

On December 15, 2009, a federal grand jury indicted the defendant on two counts. Count One alleged Defendant and two co-defendants conspired to possess with intent to distribute five (5) kilograms or more of cocaine from an unknown date to December 10, 2009, in violation of 21 U.S.C. §§841(a)(1) and 846.  Count Two alleged Defendant aided and abetted his co-defendants in knowingly and intentionally possessing a firearm during the course of activity charged in Count One, in violation of 18 U.S.C. §§2 and 924(d).

Defendant proceeded to trial on these two counts.  The case ultimately resulted in a hung jury mistrial.  On November 15, 2010, Defendant filed a renewed motion for acquittal as to Count Two.  On November 23, 2010, the United States obtained a superceding indictment against Defendant, which added two additional counts and modified a third, the gun charge in original Count Two.

Defendant now seeks dismissal of the superseding indictment alleging vindictiveness on the part of the United States. Defendant asserts that "the court should presume that the new charges and modification were added by the government in retaliation for [Defendant] exercising his constitutional rights." Defendant asserts that the retaliation was in response to (1) the hung jury mistrial and (2) the filing of Defendant's motion to dismiss.

## DISCUSSION

"As long as the prosecutor has probable cause to believe the accused has committed a crime, the courts have no authority to interfere with a prosecutor's decision to prosecute." *United States v. Barner,* 441 F.3d 1310, 1315 (11th Cir. 2006). The prosecutor will violate due process, however, if he obtains new charges out of vindictiveness, i.e., a "desire to punish a person for exercising his [statutory or constitutional] rights." *Id.; see also United States v. Goodwin,* 457 U.S. 368, 372, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982) ("[W]hile an individual certainly may be penalized for violating the law, he just as certainly may not be punished for exercising a protected statutory or constitutional right.").

There are two ways to prove a prosecutorial vindictiveness claim: (1) by showing that a presumption of vindictiveness arises from the government's conduct; or (2) by showing actual vindictiveness. *See, e.g., United States v. Saltzman,* 537 F.3d 353, 359 (5th Cir. 2008) (*citing Goodwin,* 457 U.S. at 384, n. 19; *see also Barner,* 441 F.3d at 1312, 1322 (holding that district court erred in determining that there was evidence to establish a presumption of vindictiveness, but remanding for determination of actual vindictiveness).

Defendant's motion argues he is entitled to dismissal, or at the very least an evidentiary hearing, under both methods of establishing a prosecutorial vindictiveness claim.

But the declaration of a mistrial due to a hung jury cannot be argued to give rise to an assertion of a protected right. *See United States v. Mays*, 738 F.2d 1188, 1190 (11th Cir. 1984). Accordingly, the only potential vindictiveness claim available in this case relates to Defendant's assertion that the United States retaliated against him in response to Defendant's filing of the motion for acquittal.

### **Presumption of Vindictiveness**

"A prosecutor's decision to seek heightened charges after a defendant successfully appeals his conviction for the same conduct is presumed to be vindictive." *Barner,* 441 F.3d at 1315-16 (*citing Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974)). There is, however, no automatic presumption of vindictiveness when a prosecutor decides to increase charges after a defendant exercises a legal right in the pretrial context. *Barner,* 441 F.3d at 1316. Although the Eleventh Circuit has not definitively determined whether the presumption of vindictiveness can ever arise in the pretrial context, the court noted that such a presumption could only arise if the facts of the case "form a realistic likelihood of vindictiveness." *Id.* at 1318 (*citing Goodwin,* 457 U.S. at 383-84). For such a presumption to arise, the defendant must first show that his exercise of pre-trial rights was followed by charges of increased severity. *Id.* at 1318-19. If this threshold showing is made, the defendant then must identify other factors to raise a realistic likelihood of vindictiveness. *See id.* at 1320.

The Court concludes that, even assuming for the purpose of argument that Defendant made a threshold showing that his exercise of pre-trial rights was followed by charges of increased severity, Defendant is not entitled to a presumption of prosecutorial vindictiveness

because no factors exist to raise the <u>likelihood</u> of vindictiveness in this case. The United States' initial indictment did not foreclose it from bringing further charges against Defendant pretrial. *See Goodwin,* 457 U.S. at 382 ("A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct."). And, as the United States notes in its response to Defendant's motion, the modified firearms charge was in response to issues that arose at trial, i.e., the Court stated prior to the mistrial that the United States had not shown that Defendant aided and abetted, but the indictment was still sufficient to allow the United States to attempt to prove the firearms charge through a *Pinkerton* charge. In other words, the United States cannot be accused of vindictiveness for modifying the firearms charge to comport with the Court's ruling during trial. *See Barner,* 441 F.3d at 1316 (finding that government's attempt to correct a mistake and charge conduct in a way to support a conviction did not demonstrate vindictiveness for seeking dismissal of claims but instead demonstrated desire "to punish [defendant] for the alleged felonious conduct").

The United States also points out that Defendant was aware of its intention to file the superceding indictment prior to Defendant's renewed motion for acquittal. Accordingly, the Court concludes that Defendant has not demonstrated that he is entitled to a presumption of prosecutorial vindictiveness.

**Actual Vindictiveness**

To establish actual vindictiveness, a defendant must prove that: (1) the prosecutor wanted to punish the defendant for exercising his rights (animus); and (2) the prosecutor's animus caused the prosecutor to bring charges of increased severity (causation). *See Barner,*

441 F.3d at 1322 (*citing Wilson,* 262 F.3d at 314). A showing of actual vindictiveness is "exceedingly difficult to make." *United States v. Paramo,* 998 F.2d 1212, 1219-20 (3d Cir. 1993).

Here, Defendant has not established actual vindictiveness. Defendant does not point to any evidence demonstrating that the AUSA in this case had any animus toward him for exercising his right to seek dismissal of the firearms charge or that such animus motivated the AUSA to bring the superceding indictment. And any argument raised by Defendant in his motion fails to establish any actual vindictiveness by the AUSA for the same reasons discussed in the section concerning a presumption of vindictiveness.

It is therefore ORDERED and ADJUDGED that Defendant Mark Myrie's Motion to Dismiss the Superseding Indictment for Vindictiveness (Dkt. 220) is hereby DENIED.

**DONE** and **ORDERED** in Tampa, Florida on January 26, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2009\09-cr-572.mtvindictiveness220.frm